# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CR-0073-CVE |
| ) | |
| TIM MINH TRAN, ) | |
| a/k/a "Manh Minh Tran," ) | |
| a/k/a "Tim," ) | |
| BAN KIEN LAM, ) | |
| JASON ERIC JOHNSON, ) | |
| a/k/a "Jay," ) | |
| CHEN CUI FENG, ) | |
| a/k/a "Helen," ) | |
| HUONG THI TUYET DAO, ) | |
| a/k/a "Heather," ) | |
| LIEM THANH VU, ) | |
| a/k/a "Johnny," ) | |
| MINH THANH PHAM, ) | |
| DUC HUY VU, ) | |
| a/k/a "Joe," ) | |
| STANLEY WAYNE GUNTER, ) | |
| ARIEL NICOLE ROBINSON DUNN, ) | |
| DENIS HENRI LANGEVIN, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is the government's Motion for Continuance and to Declare Case Complex (Dkt. # 59). The government asks the Court to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., due to the number of defendants, the volume of discovery, and the difficulties in providing the discovery materials to the defendants, and the government asks the Court to continue the jury trial of this matter to May 2015. Counsel for five

of the defendants have entered an appearance in this case, and these defendants do not object to the government's motion to declare this a matter a complex case.

On April 14, 2014, defendants Ban Kien Lam, Huong Thi Tuyet Dao, Jason Eric Johnson, Chen Cui Feng, and Liem Thanh Vu were charged with conspiracy to commit an offense against the United States (count one), smuggling goods into the United States (counts two and three), and conspiracy to commit money laundering (count five). Dkt. # 2. Feng was also charged with using a communication facility to commit or facilitate a drug trafficking offense (count four). On June 9, 2014, the grand jury returned a superseding indictment (Dkt. # 9) adding Tim Minh Tran, Minh Thanh Pham, Duc Huy Vu, Stanley Wayne Gunter, Ariel Nicole Robinson Dunn, and Denis Henri Langevin as defendants. All of the defendants are charged with conspiracy to commit an offense against the United States (count one) and smuggling goods into the United States (counts two and three). Defendants Tran, Lam, Johnson, Feng, Dao, Vu, Pham, Vu, Gunter and Langevin are also charged with conspiracy to commit money laundering (count four). Many of the defendants do not reside in Oklahoma, and some of the defendants are represented by attorneys from Nevada and Louisiana.[1] Some of the defendants have appeared in this Court, but Gunter is currently incarcerated in Louisiana and he is not scheduled to appear in this Court until August 11, 2014. Dkt. # 41. The Court has entered a scheduling order setting the case for jury trial on August 18, 2014. Dkt. # 29.

The government states that it will produce a substantial amount of discovery to defendants, which includes at least 100,000 pages of documentation that will initially be provided to defendants. In addition, search warrants were executed at a residence and two businesses in Baton Rouge,

---

[1] The government states that Feng is a citizen and resident of China, and Feng remains a fugitive at this time. Dkt. # 59, at 2 n.1.

Louisiana, and the government seized numerous documents and 15 computers. It is currently unknown how many pages of documents will be added to the discovery but, before the documents can be provided to defendants, the government intends to submit the documents and computers to the National Advocacy Center in Columbia, South Carolina for scanning. After the documents are scanned, they will be converted into a searchable pdf format and they may be available to defense counsel by October 1, 2014.

The government asks the Court to declare this matter a complex case under § 3161(h)(7)(A) of the Speedy Trial Act. Dkt. # 13, at 3. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A case may be declared complex under the Speedy Trial Act if "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that a continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007). A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. United States v. Toombs, 574 F.3d 1262, 1273 (10th Cir. 2009).

The Court has reviewed the government's motion and finds that this matter should be declared a complex case under § 3161(h)(7)(A). It would be unreasonable to expect defendants to

prepare a meaningful defense under the current scheduling order. In particular, Gunter is not scheduled to appear in this Court until August 11, 2014, and trial is set for August 18, 2014. The government has advised defense counsel that it will produce a substantial amount of discovery and defendants have not yet received any of the discovery materials from the government. Many of the discovery materials will not even be available until at least October 1, 2014, and the government states that it will initially produce approximately 100,000 pages of documents to defendants. This is an 11 defendant conspiracy case and the number of defendants is a relevant factor when determining whether a case is complex. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court also takes into account that many of the attorneys for defendants do not reside in Oklahoma, and this will likely cause delays in meeting with any detained defendants and obtaining discovery materials from the government. Based on all of these factors, the Court finds that it is appropriate to treat this matter as a complex case under the Speedy Trial Act. The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. The government asks the Court to set this case for trial no earlier than the May 2015 jury trial docket. This is a lengthy continuance but the Court finds that the requested continuance is warranted under the circumstances. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against defendants' interest of having adequate time to prepare for trial. Under these circumstances, defendants' interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by declaring this matter a complex case. Taking into account the complexity of the case and the volume of discovery materials, the Court

finds that a May 2014 trial setting will provide defense counsel adequate time to review the discovery materials and prepare a defense for their clients.

**IT IS THEREFORE ORDERED** that the government's Motion for Continuance and to Declare Case Complex (Dkt. # 59) is **granted**.

**IT IS FURTHER ORDERED** that following scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | April 6, 2015 |
| Responses due: | April 20, 2015 |
| PT/CP/Motions Hearing: | **April 27, 2015 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | May 4, 2015 |
| Jury Trial: | **May 11, 2015 at 9:15 a.m.** |

**IT IS FURTHER ORDERED that the time between August 18, 2014 and May 11, 2015 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**IT IS FURTHER ORDERED** that Defendant Dao's Unopposed Motion to Reset Motion Filing and Response Deadlines (Dkt. # 46) is **moot**.

**DATED** this 29th day of July, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE