# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CR-0073-CVE |
| | ) | |
| HUONG THI TUYET DAO, | ) | |
| a/k/a "Heather," | ) | |
| previously named as Huong Thi Tuyet Dao, | ) | |
| JASON ERIC JOHNSON, | ) | |
| a/k/a Jay, | ) | |
| CHEN CUI FENG, | ) | |
| a/k/a Helen, | ) | |
| MINH THANH PHAM, | ) | |
| LIEM THANH VU, | ) | |
| a/k/a "Johnny," | ) | |
| ARIEL NICOLE ROBINSON DUNN, | ) | |
| DENIS HENRI LANGEVIN, | ) | |
| MINH LEE FEARNLEY, | ) | |
| HUNG VAN NGUYEN, | ) | |
| a/k/a Jimmy, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes on for consideration of defendants Huong Van Nguyen's and Minh Lee

Fearnley's Joint Motion for Continuance of Trial (Dkt. ## 357, 359) and the Unopposed Motion to

Continue by Defendants Dao, Johnson, Pham, Dunn, Langevin, Fearnley and Nguyen (Dkt. # 361).

Defendants Nguyen and Fearnley recently made their initial appearances in this Court, and they

argue that their attorneys do not have sufficient time to prepare for trial under the current scheduling

order.  The motion (Dkt. ## 357, 359) does not state if the government or any co-defendant opposes

the motion for a continuance, and the motion does not specify the length of the continuance sought.

Defendants have also not attached speedy trial waivers to their motion.  In a separate motion (Dkt.

# 361), all remaining defendants, including Nguyen and Fearnley, ask the Court to continue the jury trial until July 2016, because the parties need additional time to exchange discovery and the discovery materials are not yet available online for defense counsel. Dkt. # 361, at 2-3.

On April 14, 2014, defendants Ban Kien Lam, Huong Thi Tuyet Dao, Jason Eric Johnson, Chen Cui Feng, and Liem Thanh Vu were charged with conspiracy to commit an offense against the United States (count one), smuggling goods into the United States (counts two and three), and conspiracy to commit money laundering (count five). Dkt. # 2. Feng was also charged with using a communication facility to commit or facilitate a drug trafficking offense (count four). On June 9, 2014, the grand jury returned a superseding indictment (Dkt. # 9) adding Tim Minh Tran, Minh Thanh Pham, Duc Huy Vu, Stanley Wayne Gunter, Ariel Nicole Robinson Dunn, and Denis Henri Langevin as defendants. All of the defendants were charged with conspiracy to commit an offense against the United States (count one) and smuggling goods into the United States (counts two and three). Defendants Tran, Lam, Johnson, Feng, Dao, Liem Thanh Vu, Pham, Duc Huy Vu, Gunter and Langevin are also charged with conspiracy to commit money laundering (count four). Many of the defendants do not reside in Oklahoma, and some of the defendants are represented by attorneys from Nevada and Louisiana.[1] The Court entered an order (Dkt. # 85) declaring this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et al., and the trial was set for May 11, 2015.

The government initially stated that it would produce a substantial amount of discovery to defendants, which included at least 100,000 pages of documentation. Dkt. # 59, at 2. In addition,

---

[1]     The government states that Feng is a citizen and resident of China, and Feng remains a fugitive at this time. Dkt. # 59, at 2 n.1.

search warrants were executed at a residence and two businesses in Baton Rouge, Louisiana, and the government seized numerous documents and 15 computers. Id. at 2-3. Before the documents could be provided to defendants, the government intended to submit the documents and computers to the National Advocacy Center in Columbia, South Carolina for scanning. Id. at 3. After the documents were scanned, the government proposed that the documents would be produced to defendants in a searchable pdf format around October 1, 2014. Things did not go according to the government's plan. By November 2014, the government had produced two flash drives containing over 120,000 pages of documents, but the documents were not searchable and the documents appeared to be of little value to defense counsel in preparing their client's cases for trial. Dkt. # 183, at 2. The government produced certain "hot documents" to defense counsel, but the same documents were not produced to each defendant. Id. at 3. The government's discovery coordinator and certain defense counsel met several times, and the government estimated that discovery would be fully produced by May 1, 2015. Id. Defense counsel sought to find a way to work together to review discovery to reduce costs, but they were unable to come up with a discovery plan or submit proposed budgets until all of the discovery was produced. Id. at 5.

Defense counsel asked the Court to strike the scheduling order and set this matter for a scheduling conference. Dkt. # 183. The Court held a scheduling conference on March 2, 2015, and counsel for each defendant was present. Dkt. # 197. Julia O'Connell, counsel for Lam, outlined the concerns of defense counsel and explained why it would be unreasonable to expect defense counsel to prepare for trial under the existing scheduling order. The Court granted the motion to strike the scheduling order and reset the trial for November 16, 2015. Dkt. # 201. On August 11, 2015, the grand jury returned a second superseding indictment (Dkt # 262) adding charges against defendants

Fearnley and Nguyen. Nguyen made his initial appearance before a magistrate judge on September 25, 2015. Fearnley was arrested in Nevada, and he was transferred to this Court under Fed. R. Crim. P. 5. Dkt. # 353. Fearnley made his initial appearance in this Court on October 9, 2015. The case is still set for trial on November 16, 2015.

Defendants have requested a continuance under § 3161(h)(7)(A) the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice

4

continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defendants Nguyen and Fearnley argue that they have recently entered an appearance in this case and their attorneys will not have sufficient time to prepare for trial under the current scheduling order. Counsel for Nguyen and Fearnley will need additional time to review discovery and prepare for trial, because the record is clear that the discovery is voluminous and complex. Taking into account the complexity of the case and issues related to the production of discovery materials, the Court finds that counsel for Nguyen and Fearnley should be given additional time to prepare for trial. However, neither Nguyen nor Fearnley have submitted a speedy trial waiver and counsel for Nguyen and Fearnley may not indefinitely waive their clients' speedy trial rights by requesting an open-ended continuance. Zedner v. United States, 547 U.S. 489 (2006) (a criminal defendant cannot waive application of the Speedy Trial Act and open-ended speedy trial waivers are prohibited). The Court finds that a trial setting that provides Nguyen and Fearnley nearly all of the 70 day period is appropriate, but the Court declines to go beyond the 70 day period without a speedy trial waiver from these defendants.

As to all defendants' request for a continuance until July 2016, the record before the Court is insufficient for the Court to grant such a lengthy continuance and the Court finds that this request should be denied without prejudice. This original indictment was filed in April 2014 and the Court declared this matter a complex case in July 2014, and the parties have had well over a year to resolve discovery matters. The Court must consider Tenth Circuit precedent that an ends of justice continuance should not be "cavalierly" granted. Williams, 511 F.3d at 1048-49. Defendants recite

that the parties are working with a coordinating discovery attorney to exchange discovery and the

parties are working with a third party vendor to make the discovery materials available online, but

the discovery has not been fully exchanged and the discovery materials are not available online.

Dkt. # 361, at 2-3. The Court cannot simply accept the parties' agreement that they need until July

2016 to prepare for trial, and the parties must provide a specific and detailed explanation with

supporting evidence as to why such a lengthy continuance should be granted. It may also be

necessary to set this matter for a hearing in order to grant another lengthy continuance, because this

case has been pending since April 2014 and the parties should be prepared for trial. The Court finds

that the motion for continuance (Dkt. # 361) should be denied without prejudice, but defendants may

renew their request for a continuance by providing more specific and detailed reasons explaining

the need for a continuance and the length of the continuance sought.

IT IS THEREFORE ORDERED that defendants Huong Van Nguyen's and Minh Lee

Fearnley's Joint Motion for Continuance of Trial (Dkt. ## 357, 359) is **granted**, and the Unopposed

Motion to Continue by Defendants Dao, Johnson, Pham, Dunn, Langevin, Fearnley and Nguyen

(Dkt. # 361) is **denied without prejudice**.

IT IS FURTHER ORDERED that following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | November 9, 2015 |
| Responses due: | November 23, 2015 |
| PT/CP/Motions Hearing: | **December 2, 2015 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | December 7, 2015 |
| Jury Trial: | **December 14, 2015 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from November 16, 2015, inclusive, to December 14, 2015, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 14th day of October, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE