UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-CR-0073-010-CVE |
| | ) |
| ARIEL NICOLE ROBINSON DUNN, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant Ariel Dunn's Motion for Bill of Particulars (Dkt. # 330). Defendant requests a bill of particulars more specifically identifying the acts that she allegedly committed in furtherance of the conspiracy charged in count four of the second superseding indictment. Dkt. # 330, at 7. She claims that the second superseding indictment does not provide enough specificity as to her role in the alleged money laundering conspiracy, and she will be unfairly surprised at trial unless the government provides a bill of particulars more specifically explaining her role in the offense. The government responds that the charged conspiracy does not require that any conspirator commit an overt act, and it is not necessary for the indictment to allege the information sought by defendant. Dkt. # 409, at 4. Even so, the government claims that the second superseding indictment specifies the time, place, and nature of the charged criminal conduct.

On June 9, 2014, a grand jury returned a superseding indictment (Dkt. # 9) charging defendant and others with conspiracy to commit an offense against the United States (count one) and

smuggling goods into the United States (counts two and three).[1] At the government's request, the Court declared the matter a complex case due to the volume of discovery materials, and the case was set for trial in May 2015. Dkt. # 85. Due to ongoing difficulties with the production of discovery, the trial has been continued and the trial is set for July 18, 2016. A grand jury has returned a second superseding indictment (Dkt. # 262) in which defendant is charged with conspiracy to commit an offense against the United States (count one) and conspiracy to launder money (count four). Count four alleges that the conspirators agreed and conspired to conduct financial transactions using the proceeds of specified unlawful activity, and count four incorporates paragraphs 1, 2, and 4 through 67 of the second superseding indictment. Dkt. # 262, at 24. The second superseding indictment alleges that Dunn is a resident of Baton Rouge, Louisiana, who owned and operated Kreative Kreole, LLC, and Dunn was formerly employed by The Attic 2 and Herbz N Legendz in Baton Rouge. Id. at 3. On or about October 15, 2012, Dunn and co-defendant Bien Lam allegedly sent text messages to coordinate the delivery of smuggled merchandise, and the second superseding indictment further alleges that Dunn told Lam that she sent smuggled merchandise to a lab to obtain a misleading lab report. Id. at 15-16.

Dunn asks the Court to require the government to file a bill of particulars more specifically explaining her alleged role in the conspiracy charged in count four. Under Fed. R. Crim. P. 7(c), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." If a defendant seeks more definite information about the charges against her, her remedy is to file a motion for a bill of particulars. United States v. Doe, 572

---

[1] The superseding indictment also contained a charge of conspiracy to launder money (count four), but Dunn was not named as a defendant in court four of the superseding indictment. Defendant was not charged with any crime in the original indictment (Dkt. # 2).

2

F.3d 1162, 1176 (10th Cir. 2009). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." United States v. Ivy, 83 F.3d 1266, 1281 (10th Cir. 1996). A bill of particulars may be required when the indictment fails to give defendant notice of the government's theory of the case, but a defendant is not entitled to a bill of particulars to seek information about what evidence the government intends to introduce at trial. United States v. Levine, 983 F.2d 165, 167 (10th Cir. 1992). "If the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable [her] to prepare for trial, a bill of particulars is not necessary." Doe, 572 F.3d at 1176.

Defendant argues that the second superseding indictment fails to give her notice of the specific acts she allegedly engaged in to participate in the money laundering conspiracy. Defendant requests that the government be directed to file a bill of particulars with the following information:

(1) what days, months, and years Ms. Dunn supposedly caused funds to be wired;

(2) which bank accounts she used to receive funds, and when she did so;

(3) which bank accounts she opened, and when;

(4) which checks she mailed, to whom, in what amounts, and for which purposes;

(5) which checks she received, from whom, when, for what purposes and in what amounts;

(6) which deposits she made, in what amounts, when, for which purposes;

(7) the numbers of times she transferred funds between accounts, which accounts they were, in what amounts, and when such transfers took place;

(8) how often, when, and for what purposes she wired funds;

(9) which text messages she sent to whom, and when;

(10) which deposits she caused to be made, for what purposes;

(11) and when and how much cash she withdrew.

Dkt. # 330, at 7-8. Defendant claims that count four of the second superseding indictment provides similar information about the alleged acts of her co-defendants, but count four does not contain any specific allegations about her role in the money laundering conspiracy. She argues that it will be "impossible" for her to prepare a defense to count four without information about the specific acts she allegedly engaged in to further the money laundering conspiracy. The government responds that the statute under which defendant is charged in count four, 18 U.S.C. § 1956(h), does not require that any conspirator commit an overt act in furtherance of the conspiracy, and it not necessary for the indictment to allege the specific acts engaged in by defendant or any other co-conspirator. Dkt. # 409, at 3. The government notes that the second superseding indictment provides the dates of the alleged conspiracy and the five objects of the conspiracy, and the government argues that it is not obligated to file a bill of particulars to set forth the specific evidence it intends to use against defendant.

The Court finds that count four of the second superseding indictment provides sufficient notice of the charge against defendant to allow her to prepare a defense, and the bill of particulars she requests is essentially a request for the government to disclose what evidence it intends to present at trial. The Tenth Circuit has been clear that a "bill of particulars . . . is not a discovery device . . . ." United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988). The function of a bill of particulars is not to provide the defendant "a list of the government's witnesses or evidentiary detail" about the government's case. United States v. Barbieri, 614 F.2d 715, 719-20 (10th Cir. 1980). The key element of the charge alleged in count four is that defendant and others agreed to form a conspiracy to launder money. The second superseding indictment discloses the identity of the alleged conspirators and the purpose of the alleged conspiracy, and count four of the second

superseding indictment identifies the objects of the conspiracy. It is not necessary for the second superseding indictment to allege that defendant committed any specific acts in furtherance of the money laundering conspiracy, and the information sought by defendant greatly exceeds what is sufficient to provide notice of the charge against her. Defendant notes that the government has produced a substantial amount of discovery and this in some ways has made her trial preparation more difficult. Dkt. # 330, at 7. The Court hereby directs the government to cooperate with defense counsel and provide information to defendant to enable her to focus her trial preparation, but a bill of particulars is not the appropriate method to obtain the information defendant seeks. Defendant's motion for a bill of particulars (Dkt. # 330) should be denied.

**IT IS THEREFORE ORDERED** that Defendant Ariel Dunn's Motion for Bill of Particulars (Dkt. # 330) is **denied**.

**DATED** this 14th day of December, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE